## DOHERTY *v.* FARNSLEY, ADMINISTRATOR.

PLEADING.—*Promissory Note.—Endorsement of.—Surplusage.—Indemnity Mortgage.—Record.*—In an action on a promissory note, and to foreclose a mortgage, the complaint counted on a mortgage executed by the defendant to A., to indemnify A. against loss as endorser of a promissory note, and all renewals thereof, executed by the defendant to A. The complaint alleged that the note in suit was a renewal of the note described in the mortgage, and that A., by the title of A., "Guardian," etc., had endorsed the same to the plaintiff, and that it remained due and unpaid.

*Held*, on demurrer, that the additional title in such endorsement was surplusage, that no separate question is presented by the record as to the mortgage, and, the defendant being personally liable on the note, that the complaint is sufficient.

From the Floyd Circuit Court.

*J. V. Kelso* and *J. H. Stotsenburg*, for appellant.

*S. K. Wolfe*, for appellee.

WORDEN, C. J.—This was an action by the appellee, against the appellant, upon a note and to foreclose a mortgage executed by the defendant, Doherty, to one Joshua P. Farnsley.

Demurrer to the complaint for want of sufficient facts overruled, and exception. Final judgment for the plaintiff.

The question made here is whether the complaint states facts sufficient to constitute a cause of action.

The mortgage, as has been said, was executed by Doherty to Joshua P. Farnsley, and was given, in its own language, "to secure said Joshua P. Farnsley as endorser on a note for the sum of four thousand dollars, executed by said John Doherty, March 24th, 1869, and payable to the order of said Joshua P. Farnsley, four months after the date thereof, at the Bank of Salem, at New Albany, without relief from valuation or appraisement laws, and to secure said Joshua P. Farnsley as endorser on all notes, bills of exchange, or other evidence of indebtedness given in renewal of the said first above described note. If said John Doherty pays said note, and all notes and bills of exchange given in renewal thereof as above specified, this mortgage to be void, else to remain in full force and virtue in law."

It is averred in the complaint, that, " On the 22d day of May, 1877, there remained due and unpaid on the note specified in said mortgage, the sum of twenty-three hundred and six dollars and thirty-one cents; and, on.said day, the defendant renewed said note, and, by the name of J. Doherty, executed to said Joshua P. Farnsley his, defendant's, renewed note of that date, by which he promised to pay, one day after date, to the order of Joshua P. Farnsley, by the name of J. P. Farnsley, twenty-three hundred and

six dollars and thirty-one cents, for value received, without any relief from valuation or appraisement laws, with six per cent. interest per annum. Afterward, to wit, on the 7th day of September, 1877, the said Joshua P. Farnsley, by the name and description of 'J. P. Farnsley, guardian of Joseph Farnsley,' by his written endorsement on said note, assigned the same to the plaintiff by the description of 'Administrator of Joseph Farnsley, deceased.' * * * Plaintiff avers that the money specified in said note, with a large amount of interest thereon, is now due and unpaid. Wherefore he demands judgment," etc. A copy of the last mentioned note is set out, together with the endorsement thereon to the plaintiff.

The court rendered a personal judgment against the defendant, on the note, and also for the foreclosure of the mortgage.

We are of opinion that the court below committed no error in overruling the demurrer to the complaint. The complaint, it seems to us, clearly stated a good cause of action against the defendant upon the note last mentioned. He was personally liable upon that note to the plaintiff, whether the plaintiff had a right to foreclose the mortgage or otherwise. The case upon the note is simply this: The defendant executed his note to Joshua P. Farnsley for the sum of twenty-three hundred and six dollars and thirty-one cents, and the latter endorsed it to the plaintiff. The note is due and unpaid. The description which Joshua P. Farnsley gave himself in the endorsement may, we think, be regarded as surplusage. The plaintiff, being thus the legal holder of the note, was entitled to maintain an action upon it.

With regard to the mortgage, it may be observed that it seems to have been intended as a mere indemnity to Joshua P. Farnsley, and it is difficult to see how it could be rightfully foreclosed until he had been compelled to

pay or had paid something, as the endorser of the paper mentioned in the mortgage. But upon this point we decide nothing, as the question is in no way raised by the record. The only question raised is whether the complaint stated a good cause of action.

The judgment below is affirmed, with costs.

NOTE.—HOWK, J., was absent when this cause was considered.